Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2713 | **DATE** | 5/17/2001 |
| **CASE TITLE** | In Re: Cigarette Antitrust Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is the motion of non-party ACNielsen to quash Plaintiff's subpoena. For the reasons stated on the reverse side, the motion is granted, and the subpoena is quashed. ACNielsen's request for attorney fees is denied. Case terminated. See reverse.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 21 2001 date docketed | |
| X | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | FILED FOR DOCKETING docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | 01 MAY 18 AM 11:33 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

This motion to quash arises from antitrust litigation pending in the Northern District of Georgia. In the underlying litigation, Plaintiffs allege that the Defendant tobacco companies engaged in illegal price fixing.

ACNielsen is a non-party to the underlying suit. ACNielsen is a market research firm, engaged in the business of collecting, analyzing, and marketing specialized data concerning retail and consumer markets. Some Defendants in the underlying litigation utilized ACNielsen for market research data. Plaintiffs requested that data from Defendants, which Defendants produced at least in part. Subsequently, Plaintiffs issued the subpoena at issue, requesting from ACNielsen "[a]ny price data collected from any source, whether wholesale or retail, in any form including electronic or database, regarding sales of cigarettes in the United States" from January 1, 1992 to present.

ACNielsen argues that the subpoena should be quashed pursuant to several subsections of Federal Rule of Civil Procedure 45. All of ACNielsen's arguments center on the fact that it is engaged in the business of collecting market research data, which is extremely costly and valuable to ACNielsen's clients. In a thorough and cogent brief, ACNielsen asserts that Plaintiffs are not entitled to obtain this information through a subpoena. In other words, ACNielsen's data is its product, which Plaintiffs should purchase in the market, either from ACNielsen or one of its competitors. Plaintiffs' counter-argument focuses on the fact that ACNielsen's data is relevant to the litigation, and should be discoverable. Plaintiffs also claim that protective orders can be entered to protect the confidentiality of ACNielsen's data.

Plaintiffs' argument is unpersuasive. A litigant is not entitled to use a subpoena to obtain products free of charge from a non-party. See e.g. Greater Rockford Energy and Tech. Corp. v. Shell Oil Co., 138 F.R.D. 530, 535 (C.D. Ill. 1991) (questioning "the propriety of Defendants asking . . . a nonparty to bear the burden and the cost of producing . . . information when Defendants can easily get it from the marketplace."); In re Consumers Union of the United States, Inc., 27 F.R.D. 251, 253-54 (S.D.N.Y. 1961) (quashing a subpoena issued by the plaintiff seeking information from the entity that publishes "Consumer Reports" magazine, holding that the information sought was a business secret). A party should obtain at its own cost the data and/or expert opinions it needs to support its case, rather than using a subpoena to obtain these things from a nonparty. A California state appellate court analyzed a state issued subpoena to a nonparty, and gave the following illustration: "In a case in which one of the parties wanted to examine a Ford Explorer, he could not obtain one by serving a . . . subpoena on Ford Motor Company. . . ." Urban Pacific Equities Corp. v. Superior Court, 59 Cal. App. 4th 688, 693 (Cal. Ct. App. 1997). This analogy is appropriate, even though Urban Pacific is based entirely on California state law and does not involve Rule 45. In this case, ACNielsen's product is its market research data and analysis. Plaintiffs seek from ACNielsen its data on cigarette pricing, which is no doubt relevant to the underlying litigation. But, Plaintiffs are not entitled to use a subpoena to obtain that information free of charge. Plaintiffs will have to use their own resources to collect the data necessary to support their claims. For these reasons, ACNielsen's motion to quash the subpoena is granted.

As part of its prayer for relief, ACNielsen seeks attorney fees, which is permitted under Rule 45. In light of the fact that some Defendants in the underlying litigation used ACNielsen to perform market research, Plaintiffs' issuance of the subpoena was not so outlandish as to impose an award of attorney fees to ACNielsen. This portion of ACNielsen's motion is denied.